FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID L.,<br><br>                Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>                Defendant. | NO: 2:18-CV-310-FVS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 8, 9. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Dana C. Madsen. Defendant is represented by

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1

Special Assistant United States Attorney Jeffrey E. Staples. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 8, is denied and Defendant's Motion, ECF No. 9, is granted.

## JURISDICTION

Plaintiff David L.[2] (Plaintiff), filed for disability insurance benefits (DIB) June 5, 2015, alleging an onset date of July 28, 2014.[3] Tr. 161-64. Benefits were denied initially, Tr. 102-08, and upon reconsideration, Tr. 110-16. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on March 30, 2017. Tr. 24-51. On June 16, 2017, the ALJ issued an unfavorable decision, Tr. 81-92. The Appeals Council granted Plaintiff's request for review and on September 17, 2018, the Appeals Council made a new step four finding but adopted all of the ALJ's other relevant findings, including the nondisability finding. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).[4]

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[3] Plaintiff amended the alleged onset date to July 28, 2015, at the hearing. Tr. 25.

[4] Because the Appeals Council adopted the ALJ's relevant findings, Tr. 5, and because the parties reference the ALJ's findings, the Court also references the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 2

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 55 years old at the time of the hearing. Tr. 32. He completed high school. Tr. 32. He last worked for nine years as a buyer for a food company. Tr. 33. He testified that he stopped working due to the effects of sleep apnea. Tr. 34. He has severe sleep apnea and cannot tolerate any sleep machine, although he has tried six or seven different masks. Tr. 34-35. He takes two to three naps a day. Tr. 35-36. If he cannot nap, he may involuntarily fall asleep while talking to people, eating, or driving. Tr. 36. He tried medication but ended up taking more than prescribed in order to get through the day. Tr. 37.

Plaintiff was in a car accident in October 2016 which injured his lower back and neck and caused headaches. Tr. 49-50. He experiences depression. Tr. 44. In addition, Plaintiff had a stent placed for a heart impairment, and has had knee surgery, tendinitis of the elbows, glaucoma and dry eyes, and diabetes. Tr. 40.

/ / /

/ / /

---

ALJ's findings, even though the decision of the Appeals Council is the Commissioner's final decision in this case. *See* 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since July 28, 2015, the amended alleged onset date. Tr. 83. At step two, the ALJ found that Plaintiff has the following severe impairments: coronary artery

disease; obstructive sleep apnea; early stage glaucoma; obesity; and mild diabetes mellitus. Tr. 83. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 86.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> All postural activities are limited to an occasional basis, but the claimant can never climb ladders, ropes, or scaffolds. The claimant can reach in all directions with the left upper extremity on a frequent basis. He can perform occasional bilateral fingering. The claimant must avoid concentrated exposure to extreme temperatures, to vibrations, and to respiratory irritants. He must further avoid all exposure to hazards.

Tr. 87.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a sales manager, buyer, and food sales representative.[5] Tr. 91. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 28, 2014, through the date of the decision. Tr. 91.

/ / /

/ / /

/ / /

---

[5] The Appeals Council made a new step four finding that Plaintiff is capable of performing past relevant work as a food sales representative. Tr. 6. This finding is not at issue.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 8. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 8 at 17.

# DISCUSSION

**A. Symptom Claims**

Plaintiff contends the ALJ improperly rejected his symptom claims. ECF No. 8 at 17-18. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely consistent with the record. Tr. 88.

First, the ALJ found the objective observations of the claimant are not consistent with Plaintiff's symptom claims regarding sleep apnea. Tr. 88-89. Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995). Second, the ALJ found the treatment record regarding Plaintiff's other impairments does not support the level of limitation reported by Plaintiff. Tr. 89. *Id.* Third, the ALJ found Plaintiff's activities demonstrate he is able to function quite well despite his impairments. Tr. 89. "Even where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. The ALJ discussed these reasons and cited evidence in the record supporting them. Tr. 88-89. These are clear and convincing reasons supported by substantial evidence.

Plaintiff makes a one-sentence argument that, "the ALJ failed to provide specific findings with clear and convincing reasons for discrediting [Plaintiff's] symptom claims." ECF No. 8 at 18. The Court may refuse to address claims that were only argued in passing or that were bare assertions with no supporting argument. *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010). The Ninth Circuit "has repeatedly admonished" that the court will not "manufacture arguments for an appellant" and therefore will not

consider claims that were not actually argued in appellant's opening brief. *Independent Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Rather, the Court will "review only issues which are argued specifically and distinctly." *Id.* When a claim of error is not argued and explained, the argument is waived. *See id.* at 929–30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding an allegation of error was "too undeveloped to be capable of assessment").

      Plaintiff's argument is a bare assertion with no analysis of law or fact. Plaintiff does not cite the record or address any of the reasons given by the ALJ for finding that Plaintiff's symptom claims are not fully supported. ECF No. 18 at 21-22. Plaintiff's argument is undeveloped and inadequate to establish any error.[6]

---

[6] Plaintiff asserts on reply that his opening brief addresses the ALJ's reasons for giving less weight to his symptom claims. ECF No. 10 at 8. Plaintiff cites a portion of his opening brief quoting the ALJ. ECF No. 10 at 8 (citing ECF No. 8 at 18-19). Quoting a few phrases from the ALJ's decision does not raise an issue or constitute meaningful discussion, analysis, or argument sufficient to establish error.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 12

## B. Medical Opinion Evidence

Plaintiff contends the ALJ improperly rejected the opinions of Michael Coats, M.D.; Hal Bailey, M.D.; and Mel Lindauer, O.D. ECF No. 8 at 18-20.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate

reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

  1. *Hal Bailey, M.D.*

In December 2015, Dr. Bailey, Plaintiff's treating physician, opined that Plaintiff was precluded from "full employment in any capacity" due to diabetes, epicondylitis, sleep apnea, and coronary artery disease with stenting. Tr. 555. In April 2017, Dr. Bailey wrote a letter noting that Plaintiff had been his patient for 20 years and that for the previous ten years he had struggled with daytime functionality due to severe sleep apnea. Tr. 557. He indicated that a 2006 sleep study showed severe sleep apnea with severe hypoxia, and that over time the condition had progressed to significantly impair his daytime function, including falling asleep while driving, in the workplace, and impairing his home life. Tr. 557. Dr. Bailey opined that that Plaintiff can no longer work in any capacity due to his sleep apnea; that he would "deem him fully disabled from the workplace"; and that Plaintiff's medical condition precludes his ability to maintain gainful employment. Tr. 557.

The ALJ acknowledged Dr. Bailey is a treating physician but gave little weight to his opinions. Tr. 90. First, the ALJ found the opinions are conclusory. Tr. 90. A medical opinion may be rejected by the ALJ if it is conclusory or inadequately supported. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Second, the ALJ found Dr. Bailey's opinions are inconsistent with the medical evidence of record. Tr. 90. An ALJ may discredit treating physicians'

opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Third, the ALJ found the opinions are inconsistent with Plaintiff's reported activities. Tr. 90. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). The ALJ discussed these reasons in detail and cited evidence in the record supporting her conclusions. Tr. 89-90. The reasons are specific, legitimate, and supported by substantial evidence.

Without addressing the reasons discussed by the ALJ, Plaintiff contends the ALJ did not give sufficient reasons for rejecting Dr. Bailey's opinions. ECF No. 8 at 20. Plaintiff vaguely asserts that, "this claim is based upon the fact that he does suffer from frequent fatigue with daytime somnolence and involuntary periods of sleep which require him to take periodic naps." ECF NO. 8 at 20. Plaintiff fails to cite the record, discuss the ALJ's reasons, develop an argument, or identify any error. Accordingly, the ALJ's reasons for giving little weight to Dr. Bailey's opinions are legally sufficient.

  2. *Michael Coats, M.D., and Mel Lindauer, O.D.*

In February 2015, Dr. Coats, a sleep specialist, examined Plaintiff and diagnosed obstructive sleep apnea. Tr. 321. Dr. Coats indicated he discussed "the dangers of driving drowsy" with Plaintiff. Tr. 321. He did not assess any limitations or give any opinion regarding Plaintiff's functioning. Tr. 320-21.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 15

Dr. Lindauer, an ophthalmologist, examined Plaintiff in July 2016 and diagnosed glaucoma and dry eyes. Tr. 523-37. He did not assess any limitations or give any opinion regarding Plaintiff's functioning. Tr. 523-37. He noted that Plaintiff fell asleep twice during the exam and that Plaintiff was concerned about driving to and from work. Tr. 537.

Plaintiff contends the ALJ did not give sufficient reasons to "contradict" the findings of Dr. Coats and Dr. Lindauer. ECF No. 8 at 22. Plaintiff does not specify which findings are at issue, cite the record, or otherwise demonstrate how the ALJ contradicted the findings of Dr. Coats and Dr. Lindauer. ECF No. 8 at 22. As noted by Defendant, the ALJ found sleep apnea is a severe impairment, consistent with Dr. Coats' findings. Tr. 83. ECF No. 9 at 5-6. Similarly, the ALJ found glaucoma is a severe impairment, consistent with Dr. Lindauer's findings. Tr. 83-84, 87. An ALJ does not need to provide reasons for rejecting a report when the ALJ does not reject the opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). The ALJ was not required to provide reasons for "contradicting" the findings of Dr. Coats and Dr. Lindauer because the ALJ did not reject them. Furthermore, the ALJ's point that Plaintiff was not prohibited from driving by any doctor is supported by the notes from Dr. Coats and Dr. Lindauer, not undermined. Tr. 89-90. Plaintiff has failed to identify any error in law or fact committed by the ALJ.

/ / /

/ / /

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 8**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 9**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** January 21, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge